UNITED STATES of America, Appellee,

v.

Richard Faye AUMAN, Sr., Appellant.

No. 90–5019.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 29, 1990.

Decided Nov. 30, 1990.

Peter C. Mayrand, St. Paul, Minn., for appellant.

Paul A. Murphy, Minneapolis, Minn., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and CAHILL, District Judge.[*]

BOWMAN, Circuit Judge.

Richard Faye Auman, Sr., appeals the 210–month sentence imposed by the District Court[1] upon his plea of guilty to one count of possession with intent to distribute methamphetamine, a violation of 21 U.S.C. § 841(a)(1) (1988). We affirm.

Auman was charged with one count of possession with intent to distribute approximately 15.28 grams of methamphetamine, one count of possession with intent to distribute approximately 211.00 grams of methamphetamine, one count of using and carrying a firearm in relation to a drug trafficking crime, and one count of being a felon in possession of a firearm. Pursuant to 21 U.S.C. § 851, the government filed notice of its intent to prosecute Auman as a repeat offender.

Auman entered into a plea agreement with the government. The agreement required Auman to plead guilty to one count of possession with intent to distribute 15.78 grams of methamphetamine in exchange for which the government agreed to withdraw its Section 851 notice and to dismiss the remaining three counts of the indict-ment. The relevant terms of the agreement follow:

6. The government and the defendant agree that the maximum term of imprisonment which may be imposed by the Court under this agreement pursuant to the Sentencing Reform Act of 1984 is a term of 20 years.

.     .     .     .     .

14. This plea agreement presumes that the defendant's criminal history category is VI. In the event the presentence investigation reveals otherwise, the government and the defendant agree that the criminal history shall be adjusted as the Court determines.

15. It is the position of the government that the quantity of drugs approximately 211.00 grams of methamphetamine charged in Count II of the Indictment should be calculated in determining the offense level which would result in a base offense level of 24 and further resulting in a guideline range of 84–105 months with acceptance of responsibility and 100–125 months without. The defendant disagrees.

16. It is the position of the United States that because the defendant is (a) over the age of eighteen at the time of this offense; (b) this offense of conviction is a felony this is a controlled substance offense; and (c) the defendant has at least two prior felony convictions of a crime of violence and a controlled substance in combination, he is therefore a career offender under section 4B1.1 et seq.

17. It is the position of the defendant that he is not a career offender under section 4B1.1 et. seq.

18. The determination of the applicability of the career offender section 4B1.1 et seq. is left for the determination of the Court.

19. If the Court determines that the defendant is a career criminal within the meaning of section 4B1.1 et. seq. then the applicable offense level is 32, and the

---

[*] The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

defendant's criminal history category is VI and the appropriate guideline range from the sentencing table is 210–262 months.

Plea Agreement And Sentencing Stipulations at 2, 4–5.[2]

The Presentence Report computed a total offense level of 22 under the rules of Chapters Two and Three of the United States Sentencing Commission, *Guidelines Manual*, (Nov. 1989) [hereinafter U.S.S.G.]. The Report, however, recommended sentencing Auman as a career offender pursuant to U.S.S.G. § 4B1.1 because of his previous criminal history. Under Section 4B1.1, Auman's offense level would increase to 32 and his term of imprisonment would be limited to the maximum term of 240 months authorized by 21 U.S.C. § 841(b)(1)(C).[3] Auman objected to the inclusion of both his prior drug conviction and the 211.00 grams of methamphetamine specified in the dismissed count.

At Auman's sentencing, evidence was presented concerning his possession of the methamphetamine charged in the dismissed count. The District Court concluded that it was proper to consider Auman's previous drug conviction and that the government had shown by either clear and convincing evidence or by a preponderance of the evidence that Auman had possessed the 211.00 grams of methamphetamine. Applying the guidelines applicable to career offenders, the court sentenced Auman to 210 months, the minimum term of imprisonment provided by the guidelines.

In his appeal of that sentence, Auman contends that the District Court's consideration of his prior drug conviction violated both 21 U.S.C. § 851 and the plea agreement. This contention is without merit.

■ As this Court recently explained in *United States v. Wallace*, 895 F.2d 487 (8th Cir.1990), "Congress enacted section 851(a)(1) and the procedure for filing an information to protect defendants from receiving increased *statutory* sentences set forth in Part D of the Act resulting from prior, incorrectly charged offenses, ... and to give defendants the opportunity to show that they were not the persons convicted." *Wallace*, 895 F.2d at 489 (emphasis in original) (citations omitted). Section 851's notice procedures do not conflict with U.S.S.G. § 4B1.1, the career offender provision of the federal sentencing guidelines because "Section 851(a)(1), ... is limited to situations in which a convicted defendant's *statutory* minimum or maximum penalty is enhanced under Part D of Title 21." *Wallace*, 895 F.2d at 490 (emphasis in original). In "situations in which the defendant is assigned a guideline base offense level and receives an increased sentence, which is within a statutory range[,]" Section 851 has no application. *Wallace*, 895 F.2d at 490.

Here, as in *Wallace*, Auman pleaded guilty to a violation of 21 U.S.C. § 841. His statutory maximum penalty under that statute was not enhanced.[4] The plea agreement provided Auman with actual notice that the government would seek an enhanced sentence under the guidelines based upon his criminal history. Like the defendant in *Wallace*, Auman did not contest the validity of his previous convictions, nor did he claim that he was not the person convicted.[5] Therefore, the District Court's

---

2. In 1980, Auman was convicted of second-degree assault. He was convicted in 1985 of unlawful possession of a controlled substance, to wit, cocaine and methamphetamine.

3. Based upon a total offense level of 32 and a criminal history category of VI, the guidelines provide for a range of imprisonment of 210 to 262 months. However, the range is limited by the statutorily authorized sentence, in this case 240 months. *See* United States Sentencing Commission, *Guidelines Manual*, § 5G1.1(c)(1) (Nov. 1989).

4. As noted *supra* note 3, the guidelines provided for a range of imprisonment of 210–262 months

given Auman's criminal record. With the withdrawal of the Section 851 notice, Auman's maximum possible sentence was *reduced* to 240 months.

5. Auman insists that he did not object to the validity of his previous convictions or to his identity as the person convicted because, consistent with his position with regard to Section 851, it was improper for the District Court to consider those convictions. Even now, Auman does not argue that these convictions were invalid. Auman's strategy is obvious. He took a calculated risk and made a decision to rely upon his section 851 theory and negotiated a

consideration of Auman's criminal history did not violate 21 U.S.C. § 851.

Nor did the court's consideration of Auman's criminal history violate the plea agreement. As noted above, the agreement stipulated that the maximum term of imprisonment which might be imposed was 20 years. The document clearly set forth the dispute between Auman and the government concerning Auman's status as a career offender under U.S.S.G. § 4B1.1 and, in no uncertain terms, left the resolution of that dispute to the District Court. It is absurd for Auman now to argue that the District Court's determination was in contravention of these terms.[6]

The sentence imposed by the District Court is affirmed.

plea agreement based upon this strategy. Our opinion in *United States v. Wallace*, 895 F.2d 487 (8th Cir.1990), has discredited Auman's theory, and he cannot now be heard to complain about his strategic choices.

**6.** Auman also contests the District Court's consideration of the 211.00 grams of methamphetamine specified in the dismissed count. Because Auman was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, the amount of drugs considered by the court is irrelevant. Under Section 4B1.1, the offense levels are related to the maximum term of imprisonment authorized for the offense of conviction, and not to drug quantity.