16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA, Appellee,
v.
Charles CLEVELAND, Appellant.
 No. 93-3421EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 21, 1994.
Filed: February 1, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles Cleveland pleaded guilty to possession with intent to distribute cocaine. See 21 U.S.C. Sec. 841(a) (1988). In Cleveland's plea agreement, the Government promised not to seek an enhancement of Cleveland's sentence under 21 U.S.C. Sec. 851(a). Cleveland stipulated that he understood the Sentencing Guidelines would be applied, the statutory sentencing range was five to forty years, and the district court would not be bound by the agreement.
 
 
 2
 Under the Guidelines, the base level for Cleveland's offense was 28. Because of Cleveland's criminal history, the presentence report (PSR) applied the career offender provisions of U.S.S.G. Sec. 4B1.1 to reach a base offense level of 34. Although Cleveland objected to the PSR's classifying him as a career offender, the district court overruled Cleveland's objection. The district court granted Cleveland a three-level reduction for acceptance of responsibility. Cleveland's total offense level of 31 and criminal history category of VI resulted in a Guideline sentencing range of 188 to 235 months. The district court sentenced Cleveland to 216 months imprisonment and four years supervised release. Cleveland appeals.
 
 
 3
 Cleveland contends the district court should not have sentenced him as a career offender because the Government agreed not to seek an enhancement to his sentence under Sec. 851(a) and because he was not given notice of the Government's intent to seek an enhancement, as required by Sec. 851(a), in violation of his Fifth Amendment due process rights. Cleveland's contention is meritless. The enhancement of Cleveland's sentence within the statutory range disclosed in the plea agreement under U.S.S.G. Sec. 4B1.1 did not violate the Government's agreement not to seek enhancement above the statutory maximum sentence under 21 U.S.C. Sec. 851(a). See United States v. Auman, 920 F.2d 495, 497 (8th Cir. 1990). Further, the notice requirements of 21 U.S.C. Sec. 851(a) do not apply to career offender sentence enhancement under U.S.S.G. Sec. 4B1.1. Id. Because Cleveland had actual notice he could be sentenced up to the statutory maximum of forty years, we find no due process violation. See United States v. Wallace, 895 F.2d 487, 490 (8th Cir. 1990).
 
 
 4
 Accordingly, we affirm.