52 F.3d 330
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Juan F. TORRES, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-2898.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 4, 1995.
Filed: Apr. 20, 1995.
 
 Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Juan Torres was convicted of one count of conspiring to distribute cocaine base and two counts of distributing cocaine base. The district court[1] determined that he was a career offender under U.S.S.G. Sec. 4B1.1 and sentenced him to 240 months in prison and five years of supervised release. The court departed below the Guidelines fine range of $17,500 to $1,000,000 and imposed a $10,200 fine. We affirmed Torres's convictions and sentence on direct appeal. United States v. Torres, 921 F.2d 196, 197 (8th Cir. 1990) (per curiam). Torres later brought a motion to vacate his sentence under 28 U.S.C. Sec. 2255. The district court denied the motion, and he appeals. We affirm.
 
 
 2
 Torres first claimed that the district court erred by failing to make specific findings at sentencing on his ability to pay the $10,200 fine. The court confirmed in this proceeding that it had specifically considered at sentencing Torres's ability to pay in light of the Bureau of Prisons Inmate Financial Responsibility Program and the length of time he would remain in prison. After making specific findings on the factors listed under U.S.S.G. Sec. 5E1.2(d) for determining the amount of a fine, the court concluded Torres was not prejudiced by the lack of findings on those factors at sentencing because they did not indicate a further departure below the minimum Guidelines fine was warranted. See United States v. Walker, 900 F.2d 1201, 1206 (8th Cir. 1990) (per curiam) (when imposing fine, court must consider defendant's ability to pay fine and make specific findings showing consideration of factors listed under Sec. 5E1.2(d)). We agree that any error regarding specific findings was harmless. See Williams v. United States, 112 S. Ct. 1112, 1120-21 (1992). Although Torres argues, as he did below, that he does not have the ability to pay the fine, our review of the record persuades us that the court did not clearly err in determining he can do so over time. See United States v. Johnston, 973 F.2d 611, 615 (8th Cir. 1992), cert. denied, 113 S. Ct. 1019, 1377 (1993).
 
 
 3
 Next, Torres claimed the government failed to prove that he was convicted of the two prior state offenses triggering his career-offender status, or that the two state convictions were valid. This argument fails, because he did not object at sentencing to information in the presentence report about the two offenses, see United States v. Joshua, 40 F.3d 948, 952 (8th Cir. 1994), and he has not shown that the convictions were previously invalidated or that he was denied the right to counsel in those cases, see United States v. Jones, 28 F.3d 69, 70 (8th Cir. 1994) (per curiam). Torres also argued the two state convictions were "related" and should have been treated as one under U.S.S.G. Sec. 4A1.2(a)(2) because they were consolidated for sentencing. This argument also lacks merit. Torres's probationary sentence on a 1985 state conviction was revoked and he was given a prison sentence for that conviction on the same day he was sentenced on a different offense for which he was arrested in 1987; he has not shown that the cases proceeded to sentencing under the same docket number or that a formal order consolidated them. See United States v. Klein, 13 F.3d 1182, 1185 (8th Cir.), cert. denied, 114 S. Ct. 2722 (1994); United States v. Mau, 958 F.2d 234, 236 (8th Cir. 1992).
 
 
 4
 Torres next claimed the court should have departed downward at sentencing based on a variety of factors, and that the court erroneously believed it could not do so. The court properly rejected this argument, because it explicitly stated at sentencing, and confirmed in this proceeding, that it did not wish to depart. Torres's argument that his sentence violates the Fifth and Eighth Amendments also fails. See Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir. 1994), cert. denied, 115 S. Ct. 1177 (1995); United States v. Ailport, 17 F.3d 235, 238 (8th Cir.), cert. denied, 114 S. Ct. 2756 (1994).
 
 
 5
 Torres further claimed that he was improperly sentenced as a career offender based on his drug conspiracy offense, and that the government failed to file an information before trial regarding the use of his prior convictions for sentencing enhancement purposes, as required by 21 U.S.C Sec. 851(a)(1). These claims are meritless: Torres's prior convictions were not used to enhance his statutory maximum sentence, see United States v. Auman, 920 F.2d 495, 497 (8th Cir. 1990), and he was convicted of two counts of distributing cocaine base in addition to his conspiracy offense. Finally, Torres argued that he received ineffective assistance of counsel at sentencing, because counsel did not object to his fine and sentence on the grounds raised in Torres's section 2255 motion. We agree with the district court that this claim fails for lack of a showing of deficient performance and resulting prejudice. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE DEAN WHIPPLE, United States District Judge for the Western District of Missouri