**Richard Faye AUMAN, Sr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 94–1937.**

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1995.

Decided Oct. 5, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied Dec. 7, 1995.*

---

* Chief Judge Arnold and Judge McMillian would grant the suggestion for rehearing en banc.

Judge Murphy took no part in the consideration or decision of this case.

Virginia Guadalupe Villa, Federal Public Defender, Minneapolis, Minnesota, argued, for appellant.

Paul Anthony Murphy, Asst. U.S. Attorney, Minneapolis, Minnesota, argued, for appellee.

Before FAGG, WOOD ** and JOHN R. GIBSON, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Richard Faye Auman, Sr., appeals from the district court's[1] denial of his motion under 28 U.S.C. § 2255 (1988). Auman claims that the district court should not have sentenced him as a career offender and that, in so doing, it erroneously classified his 1985 conviction for possession of a controlled sub-

stance as a crime of violence under U.S.S.G. § 4B1.2 (Nov.1994), based on his simultaneous possession of firearms. Auman also claims ineffective assistance of counsel. The district court rejected both arguments. We affirm.

In 1989, Auman pled guilty to possession of methamphetamine with intent to distribute. At sentencing, the district court received certified copies of Auman's convictions and adopted the findings of Auman's presentence report, which described the 1985 conviction as follows:

> In this case on November 15, 1984, a search warrant was obtained for the residence at 3114 Upton Avenue North, Minneapolis, Minnesota. At the time of execution defendant was in his automobile parked in the rear of the house. He was held there. Seized during the execution was a Smith and Wesson Model 19, .357 nickel-plated hand gun.... A Titan .25 caliber automatic was found on the floor of the bathroom. Also seized was a quantity of white powder, a white capsule with syringes, spoon, and cotton. White powder and pills were found on the defendant. The white powder was found to be cocaine and methamphetamine.

The district court determined that the present conviction, the 1985 conviction, and a 1980 felony conviction for assault, each qualified as "either a crime of violence or a controlled substance offense" for purposes of U.S.S.G. §§ 4B1.1 and 4B1.2. Accordingly, the court determined that Auman was a career offender and sentenced him to 210 months imprisonment.

Auman appealed his sentence, claiming that the court's consideration of his 1985 conviction violated both 21 U.S.C. § 851 (1988) and his plea agreement. *United States v. Auman*, 920 F.2d 495, 497 (8th Cir.1990) (*Auman I* ). He did not appeal on the grounds raised here. We affirmed. *Id.* at 498.

---

** The HONORABLE HARLINGTON WOOD, JR., Senior Circuit Judge for the Seventh Circuit, sitting by designation.

1. The Honorable Diana E. Murphy, then Chief Judge of the United States District Court for the District of Minnesota, now United States Circuit Judge.

Auman next moved for an order vacating and reconsidering his sentence under 18 U.S.C. § 3742(a) (1988), arguing that the district court should have reduced his offense level by two levels for acceptance of responsibility and that the 1985 conviction did not qualify as a crime of violence or controlled substance offense under the career offender guidelines. The district court agreed that Auman would be entitled to a two-level reduction for acceptance of responsibility,[2] but found that 210 months would still be included within the sentencing range. *United States v. Auman,* Crim. No. 4–89–62, slip op. at 2–3 (D.Minn. May 12, 1992). The court reaffirmed its reliance on the presentence report and examined the facts underlying the predicate convictions. The court found that the assault conviction was a crime of violence, as was Auman's 1985 conviction "under its particular factual circumstances." *Id.* at 2. The court noted that "[t]wo handguns were seized at the same time that the drugs were seized, and the presence of these handguns in proximity with the illegal drugs created 'a serious potential risk of physical injury to another'" under U.S.S.G. § 4B1.2(1)(ii). *Id.* Accordingly, the court refused to modify its career offender enhancement or the sentence imposed. *Id.* at 3. Auman appealed to this court. We dismissed his appeal, holding that the district court lacked jurisdiction over the initial motion under either 18 U.S.C. § 3582 (1988 & Supp. V 1993) or § 3742. *United States v. Auman,* 8 F.3d 1268 (8th Cir.1993) (*Auman II* ).

■ Auman then filed this motion under 28 U.S.C. § 2255, arguing that the 1985 conviction was not a proper predicate for career offender status. The government argued

that the claim was barred by Auman's procedural default in failing to raise this issue on direct appeal. The district court held that the procedural default rule does not bar consideration of a claim that a "sentence was in excess of the maximum authorized by law." *Auman v. United States,* Crim. No. 4–89–62, slip op. at 2 (D.Minn. Mar. 29, 1994). The district court reexamined the facts surrounding the conviction and held that, although the conviction was not a "controlled substance offense" for career offender purposes,[3] it was a crime of violence [4] because the proximity of the handguns and the drugs created "a serious potential risk of physical injury to another" under U.S.S.G. § 4B1.2(1)(ii) (Nov.1994). *Auman v. United States,* Civ. No. 4–93–1050, slip op. at 3–4 (D.Minn. Mar. 29, 1994). The court thus held that Auman was properly sentenced as a career offender. *Id.* at 4.

Auman also claimed ineffective assistance of counsel based upon counsel's failure to object to the use of the 1985 conviction as a predicate offense under the career offender guidelines. *Id.* at 4. The district court rejected this argument. *Id.* at 5–6.

On appeal, Auman reiterates these arguments. Specifically, Auman argues that the district court should not have used the 1985 possession of a controlled substance conviction as a predicate offense for determining career offender status because the conduct constituting "the offense of conviction" was not a crime of violence. Auman also argues ineffective assistance of counsel for failure to object to the use of the 1985 conviction as a predicate offense.

## I.

■ Auman's Sentencing Guideline claim is not properly brought under section

---

2. As originally enacted, section 4B1.1 did not provide for acceptance of responsibility reductions for career offenders. Shortly before the district court sentenced Auman, the Sentencing Commission amended the Guidelines to allow a two-point reduction. *See* U.S.S.G. § 4B1.1 (Nov. 1994); U.S.S.G.App. C, amendment 266 (amending U.S.S.G. § 4B1.1 as of November 1, 1989).

3. Section 4B1.2(2) defines the term "controlled substance offense" as used in section 4B1.1 to include traditional drug trafficking offenses. As defined, "controlled substance offense" does not include simple possession.

4. Section 4B1.2(1) defines a "crime of violence." Application Note 2 to that section names certain crimes of violence and provides:

> Other offenses are included where (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (*i.e.,* expressly charged) in the count of which the defendant was convicted ..., by its nature, presented a serious potential risk of physical injury to another. Under this section, the conduct of which the defendant was convicted is the focus of inquiry.

2255, but should have been raised on direct appeal. *See United States v. Ward*, 55 F.3d 412, 413 (8th Cir.1995) ("Collateral proceedings under 28 U.S.C. § 2255 cannot be made to do service for an appeal."). While section 2255 does provide relief for cases in which "the sentence was in excess of the maximum authorized by law," this provision applies to violations of statutes establishing maximum sentences, rather than garden-variety Sentencing Guideline application issues. For instance, in *United States v. Wilson*, 997 F.2d 429 (8th Cir.1993) (per curiam), the prisoner raised numerous sentencing errors. Two of the alleged errors involved claimed violations of statutory sentencing mandates. We stated:

> A § 2255 motion is not a substitute for direct appeal; it is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." Wilson may not obtain § 2255 relief for "unappealed errors to which no contemporaneous objection was made" unless he can show both cause and prejudice. We agree with the district court that Wilson has not established cause for his procedural default in failing to appeal the district court's use of [Guideline] § 2D1.1 in sentencing.
>
> .    .    .    .    .
>
> Wilson has procedurally defaulted this claim [the excessive period of supervised release], but § 2255 expressly makes relief available if "the sentence was in excess of the maximum authorized by law," and we agree with the court in [*United States v. Neely*, 979 F.2d 1522, 1524 (11th Cir. 1992) ] that we should grant relief from the illegal sentence "to avoid manifest injustice."

*Id.* at 431 (citations omitted). We held that one of the claims of statutory violation was unfounded, but granted relief on the other. *Id.* As to the Sentencing Guidelines arguments, we affirmed the district court's holding that these claims should have been brought on direct appeal, and thus implicitly, that they did not fall within the section 2255 provision for sentences "in excess of the maximum authorized by law." *Id.; see also Neary v. United States*, 998 F.2d 563, 566 (8th Cir.1993) (sentencing contrary to statu-

tory procedure "in excess of maximum authorized by law.").

The approach taken in *Wilson* is well supported by our sister circuits, some of which have considered the question in great depth and have concluded that issues of guideline interpretation do not constitute proper section 2255 claims unless they rise to the level of being a miscarriage of justice. *See Scott v. United States*, 997 F.2d 340, 341 (7th Cir.1993) ("A claim that the judge misapplied the Sentencing Guidelines does not challenge the jurisdiction of the court or assert that the judge exceeded the statutory maximum"); *Knight v. United States*, 37 F.3d 769, 773 (1st Cir.1994) (misapplication of Sentencing Guidelines not proper claim under § 2255); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir.1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255."). *Cf. United States v. Essig*, 10 F.3d 968, 979 (3d.Cir.1993) (applying cause and prejudice test to guidelines issue under § 2255); *United States v. Schlesinger*, 49 F.3d 483, 484–86 (9th Cir.1994) (nonconstitutional sentencing errors may not be reviewed under § 2255 with possible exception for errors not discoverable in time for direct appeal); *Femia v. United States*, 47 F.3d 519, 525 (2d Cir.1995) (acknowledging question of whether guidelines issues cognizable under § 2255); and *United States v. Maybeck*, 23 F.3d 888, 891–95 (4th Cir.1994) (vacating sentence for failure to apply guidelines correctly; applying actual innocence exception to procedural default rule.) As the Seventh Circuit and First Circuit did in *Scott*, 997 F.2d at 342–43, and *Knight*, 37 F.3d at 773–74, we reserve judgment on whether violation of the guidelines could ever be cognizable under section 2255. We merely hold that ordinary questions of guideline interpretation falling short of the "miscarriage of justice" standard do not present a proper section 2255 claim. Auman's claim of error in interpreting the career offender guidelines does not present a cognizable claim.

■ We review judgments, as opposed to opinions, and may affirm on any ground supported by the record, regardless of whether counsel urged that ground or the district

court considered it. *African Am. Voting Rights Legal Defense Fund, Inc. v. Villa,* 54 F.3d 1345, 1356 (8th Cir.1995). Because Auman's Sentencing Guideline arguments are not cognizable under section 2255, we affirm the judgment of the district court.

## II.

We review the issue of ineffective assistance of counsel de novo and review the district court's findings of underlying predicate facts under the clearly erroneous standard. *Iron Wing v. United States,* 34 F.3d 662, 664 (8th Cir.1994). Auman argues that he received ineffective assistance because his trial counsel did not object to the use of the 1985 conviction as a predicate offense for a career offender enhancement. Auman may use this fact to allege an independent claim under section 2255 for ineffective assistance of counsel. *See Anderson v. United States,* 25 F.3d 704, 706 (8th Cir.1994).

To prove ineffective assistance, Auman must show that: (1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "Prejudice" requires a reasonable probability that the proceeding would have ended in a different result without counsel's errors. *York v. Lockhart,* 856 F.2d 61, 63 (8th Cir.1988), *cert. denied,* 490 U.S. 1026, 109 S.Ct. 1759, 104 L.Ed.2d 195 (1989). Counsel may afford ineffective assistance by failing to object at sentencing. *See United States v. Ford,* 918 F.2d 1343, 1350 (8th Cir.1990) (holding that defendant received ineffective assistance where counsel did not object to base offense level and Sentencing Commission had amended guidelines between preparation of the presentence report and sentencing).

We "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066. At the time of Auman's sentencing, this circuit looked "beyond the mere statutory elements of a crime

when determining whether an offense is a crime of violence." *United States v. Cornelius,* 931 F.2d 490, 493 (8th Cir.1991). Therefore, when Auman was sentenced, the district court could consider the facts underlying the 1985 conviction. No credible evidence points to the conclusion that the district court would have changed its ruling based on an objection from counsel. Thus, it cannot be said that counsel's failure to object prejudiced Auman. *See York,* 856 F.2d at 64.

We affirm the judgment of the district court.