# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2106

_____

United States of America,         *
         *
      Appellee,         *
         *    Appeal from the United States
     v.         *    District Court for the
         *    Southern District of Iowa.
Carlos Enrique Perales, also known  *
as Octavio Perales,         *    [PUBLISHED]
         *
      Appellant.         *

_____

Submitted: March 30, 2000
Filed: May 17, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

HANSEN, Circuit Judge.

Carlos Enrique Perales was convicted in September of 1990 in California state court of possessing chemicals with the intent to manufacture methamphetamine, and he was sentenced to three years imprisonment. He was paroled in November of 1991. Subsequently, he was convicted in federal court of distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and of conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846. The distribution offense occurred in January of 1992, and the conspiracy spanned from January of 1983 through January of 1993. The

district court[1] treated as relevant conduct the methamphetamine Perales would have been able to manufacture in the California offense and sentenced him to 372 months imprisonment and 5 years supervised release. The court later granted Perales's motion to reduce his sentence on the basis of Amendment 505 to the Sentencing Guidelines and resentenced him to 290 months imprisonment.

Perales subsequently filed this 28 U.S.C. § 2255 motion claiming, inter alia, that he was entitled to credit under U.S. Sentencing Guidelines Manual § 5G1.3(b) and comment. (n.2) (1993) against his federal sentence for the time (approximately thirteen months) he served in state custody on the California conviction. The district court denied his motion, and an administrative panel of this court granted a certificate of appealability on the issue.

Perales failed to raise his present Sentencing Guidelines misapplication claim on direct appeal, and thus his claim cannot be brought properly in a § 2255 proceeding unless he meets one of three possible exceptions to the rule that ordinary questions of guideline interpretation not raised on direct appeal do not present cognizable § 2255 claims. See Auman v. United States, 67 F.3d 157, 160-61 (8th Cir. 1995). The first method by which Perales could raise his otherwise procedurally defaulted nonconstitutional, nonjurisdictional, run-of-the-mill Sentencing Guidelines misapplication claim in a § 2255 proceeding would be to assert his attorney's failure to make the U.S.S.G. § 5G1.3 credit-for-time-served argument at sentencing or on direct appeal as an independent stand-alone ineffective assistance of counsel claim alleging a violation of his Sixth Amendment right to counsel. See Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). Perales did so below in the district court, but the district court ruled against him, finding that Perales had no basis for his ineffective assistance of counsel claims. No certificate of appealability was granted on the Sixth

---

[1]The Honorable Charles R. Wolle, then Chief Judge, United States District Court for the Southern District of Iowa.

Amendment issue, and we decline to issue one now. Accordingly, this method of attacking his sentence is presently foreclosed to Perales. See Fields v. United States, 201 F.3d 1025, 1026 n.2 (8th Cir. 2000) (issues beyond scope of certificate of appealability are not properly before court).

The second exception is for cases involving a sentence in excess of the maximum authorized by statute, which is not applicable in this case because the claim involves a "garden-variety" Sentencing Guidelines application issue. See Auman, 67 F.3d at 161. Furthermore, there is no claim, nor would there be any merit to any such claim, that Perales's sentence of 290 months exceeds the maximum sentence of life in prison authorized for distributing 10.38 kilograms of actual methamphetamine. See 21 U.S.C. § 841(b)(1)(A)(viii). (We note that the district court also treated as relevant conduct for sentencing purposes 79.83 kilograms of actual methamphetamine Perales would have been able to manufacture in the California offense and 4.536 kilograms of methamphetamine of an unknown purity also involved in the conspiracy.)

The third possible exception is for Sentencing Guidelines claims that rise to the level of a "miscarriage of justice." See Auman, 67 F.3d at 161. Just as in Auman, however, we need not address whether this is an allowable exception under § 2255, because we hold that there is no miscarriage of justice in this case. Perales is not entitled to the credit he claims under U.S.S.G. § 5G1.3(b) and Application Note 2. Those provisions do not apply to him because he committed the instant distribution offense and part of the instant conspiracy offense while he was on parole for his California conviction. See U.S. Sentencing Guidelines Manual § 5G1.3(a) (applicable if defendant committed instant offense while serving prior undischarged term of imprisonment; instant sentence shall be imposed to run consecutively to prior undischarged term), (b) (applicable only if subsection (a) does not apply), and comment. (n.2) (applicable to subsection (b) cases); United States v. Jones, 195 F.3d 379, 383 (8th Cir. 1999) (subsection (a), not subsection (b), applies if defendant commits instant offense while on parole for prior offense; if instant offense is

conspiracy, subsection (a) applies if defendant commits part of conspiracy while on parole for prior offense).  There can be no miscarriage of justice exception when there is no merit to Perales's claim, and therefore his motion for § 2255 relief was correctly denied.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.