# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 15-1670

———————————————

United States of America

*Plaintiff - Appellee*

v.

Antoine Marquet Clemons

*Defendant - Appellant*

—————————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

—————————

Submitted: August 19, 2015
Filed: August 27, 2015
[Unpublished]

—————————

Before LOKEN, BOWMAN, and GRUENDER, Circuit Judges.

—————————

PER CURIAM.

After Antoine Clemons pleaded guilty to drug conspiracy charges under a written plea agreement, the district court[1] sentenced him within the calculated career-

———————————

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

offender Guidelines range to 151 months in prison and 3 years of supervised release, and Clemons appeals. His counsel has moved to withdraw, and in a brief filed under Anders v. California, 386 U.S. 738 (1967), he argues that Clemons's sentence is greater than necessary to meet sentencing goals. Having carefully reviewed the record and counsel's submission, we conclude that the district court did not impose a substantively unreasonable sentence. See United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014) (standard of review).

We turn next to the arguments that Clemons has raised in a pro se supplemental brief. First, Clemons argues that the government breached its plea-agreement promise not to seek a sentencing enhancement under 21 U.S.C. § 851. This argument was not raised below, and in any event, it fails: the government did not breach the plea agreement because it did not file a section 851 enhancement. Rather, Clemons was sentenced within an enhanced Guidelines range resulting from his prior convictions. See United States v. Auman, 920 F.2d 495, 497 (8th Cir. 1990). Second, Clemons complains that the special supervised release conditions that the court imposed are unjustified. This argument, again newly raised, fails because each special condition is reasonably related to appropriate sentencing factors and unchallenged material in the presentence report describing Clemons's personal history and characteristics, among other relevant factors. See United States v. Thompson, 653 F.3d 688, 691-94 (8th Cir. 2011). Finally, Clemons argues that there is an insufficient evidentiary foundation for his offense, but Clemons's guilty plea forecloses this challenge. See United States v. Ternus, 598 F.3d 1251, 1254 (11th Cir. 2010); United States v. Limley, 510 F.3d 825, 827 (8th Cir. 2007).

Finally, finding no nonfrivolous issues for appeal, see Penson v. Ohio, 488 U.S. 75 (1988), we grant counsel leave to withdraw, and we affirm the judgment.

_____