# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3312
_____

Joel David LaRue, Jr.

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*
_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: January 22, 2016
Filed: February 2, 2016
[Unpublished]
_____

Before LOKEN, BOWMAN, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Federal inmate Joel LaRue seeks to appeal after the District Court summarily dismissed his 28 U.S.C. § 2255 motion. We grant a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (standard of review). For the reasons discussed below, we also vacate the dismissal and remand for further proceedings.

In August 2011, LaRue was arrested in Arizona on a state drug charge and was later sentenced to 30 months in prison. In February 2012, he was transferred to federal custody under a writ of habeas corpus ad prosequendum to face a related federal drug charge. LaRue pleaded guilty to the federal charge under the terms of a plea agreement in which the parties agreed to a 60-month prison sentence. See Fed. R. Crim. P. 11(c)(1)(C). The parties also agreed that under § 5G1.3(b) of the U.S. Sentencing Guidelines, LaRue's federal sentence would be reduced by the time served on the state conviction and would run concurrently with his Arizona sentence. In October 2012, the District Court accepted the plea agreement and sentenced LaRue to 54 months in prison to be served concurrently with his Arizona sentence, crediting LaRue for the six months he had served on his Arizona sentence from August 2011 to February 2012. LaRue did not appeal. He has been serving his sentence in a federal prison since July 2014.

In his 28 U.S.C. § 2255 motion, LaRue argued that under Guidelines § 5G1.3(b) and his plea agreement, he was entitled to additional credit toward his federal sentence for the period from February 2012, when he was transferred to federal custody, to October 2012, when he was sentenced on the federal charge. Because he had not received such credit, he claimed that his plea agreement had been breached, the court had misapplied the Sentencing Guidelines, his sentence violated double jeopardy, and he had received ineffective assistance of counsel. In summarily dismissing the motion, the District Court reasoned that LaRue had already received credit for the time spent in prison in Arizona.

Upon careful review, we conclude that the District Court erred in summarily dismissing the motion because the record does not conclusively show that LaRue was not entitled to relief. See 28 U.S.C. § 2255(b); Blankenship v. United States, 159 F.3d 336, 337 (8th Cir. 1998) (standard of review), cert. denied, 525 U.S. 1090 (1999). Specifically, we find arguable merit in LaRue's claims that his sentence violated the plea agreement and that counsel was therefore ineffective in not pursuing

the issue at sentencing or on direct appeal. See United States v. Perales, 212 F.3d 1110, 1111 (8th Cir. 2000) (stating that a Guidelines misapplication claim can be raised in a § 2255 motion if defense counsel's failure to make the argument at sentencing or on direct appeal is asserted as an ineffective-assistance claim); United States v. Van Thournout, 100 F.3d 590, 594 (8th Cir. 1996) (noting that a defendant could file a § 2255 motion to raise the issue of a plea-agreement breach).

LaRue's plea agreement required the District Court to adjust his federal sentence for the time he had served on his Arizona conviction as of the date of his federal sentencing, if that time would not be credited to his federal sentence by the Bureau of Prisons. See U.S. Sentencing Guidelines Manual § 5G1.3(b)(1) & cmt. n. 2(D); United States v. Kling, 516 F.3d 702, 704 (8th Cir. 2008) (stating that a Rule 11(c)(1)(C) plea agreement is binding on the district court after it accepts the agreement). The time that LaRue served on the Arizona sentence included not only the time that he was physically in state custody but also the time that he was in federal custody under the writ of habeas corpus ad prosequendum. See Schleining v. Thomas, 642 F.3d 1242, 1243 n.1 (9th Cir. 2011), cert. denied, 132 S. Ct. 2415 (2012). Because Arizona retained primary custody over him during that period of federal custody, the Bureau of Prisons could not give him credit towards his federal sentence. See Elwell v. Fisher, 716 F.3d 477, 482 (8th Cir. 2013); 18 U.S.C. § 3585(b). The District Court misapplied § 5G1.3(b) of the Guidelines when it reduced LaRue's federal sentence by only the time served on the state sentence when LaRue was in the physical custody of Arizona, so his sentence violated the plea agreement.

Accordingly, we vacate the dismissal and remand for further proceedings.[1]

_____

[1]We offer no opinion on the timeliness of La Rue's motion or the issue of procedural default. See Barnett v. Roper, 541 F.3d 804, 807 (8th Cir. 2008), cert. denied, 558 U.S. 830 (2009); Rogers v. United States, 1 F.3d 697, 699 (8th Cir. 1993) (per curiam).