**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard Lloyd JAMES, Defendant-Appellant.**

**No. 71–1101.**

United States Court of Appeals, Sixth Circuit.

July 7, 1971.

Wilfred C. Rice, Detroit, Mich., on brief, for defendant-appellant.

Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and WEICK and EDWARDS, Circuit Judges.

PER CURIAM.

Appellant in this case appeals from his conviction and sentence of five years (subject to the provisions of 18 U.S.C. § 4208(a) (2) (1964)) after pleading guilty to an information charging a violation of 26 U.S.C. § 4704(a) (1964),[1] prohibiting sale of heroin.

Although defendant acknowledged in open court, with his retained counsel beside him, that he understood that the offense as to which he was pleading guilty carried a maximum sentence of ten years and a possible $20,000 fine, it seems obvious from this appeal that he was quite dissatisfied with the sentence which was administered.

The file in this case contains no record of proceedings before the District Court subsequent to the taking of the plea and the entry of sentence. Appellant demonstrates no error in the District Judge's compliance with Rule 11 of the Federal Rules of Criminal Procedure in taking this plea.

1. Repealed, Pub.L. 91–513, Title III, § 1101(b) (3) (A), Oct. 27, 1970, 84 Stat. 1236. This repeal by its terms, however, does not affect prosecutions for any violation of law occurring prior to the effective date of repeal.

Appellant has not seen fit to make a motion to reduce sentence under Rule 35 of the Federal Rules of Criminal Procedure or vacate sentence because of "manifest injustice" under Rule 32(d).

Appellant has attacked the competency of his retained counsel by an affidavit which contains various factual allegations which he contends demonstrate denial of effective counsel, in violation of the Sixth Amendment of the Federal Constitution.

A prisoner in custody under sentence of a federal court claiming that the sentence was imposed in violation of the Constitution of the United States may seek collateral relief in the District Court by filing a petition to vacate sentence under 28 U.S.C. § 2255 (1964). Duval v. Willingham, 390 F.2d 203 (10th Cir. 1968). No such motion has been filed and, of course, this court has no jurisdiction to entertain a motion to vacate sentence filed originally in the appellate court. Davis v. United States, 175 F.2d 19 (9th Cir. 1949); Tesciona v. United States, 141 F.2d 811 (9th Cir. 1944).

The judgment of the District Court is affirmed.