UNITED STATES of America, Appellant,

v.

Richard Faye AUMAN, Sr., Appellee.

No. 92–2441.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1993.

Decided Oct. 25, 1993.

Virginia Guadalupe Villa, Minneapolis, MN (Daniel M. Scott and Virginia G. Villa, on the brief), for appellant.

Paul Anthony Murphy, Minneapolis, MN (Thomas B. Heffelfinger, Paul A. Murphy and Douglas B. Hiatt, on the brief), for appellee.

Before McMILLIAN, MAGILL, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

Richard Faye Auman, Sr., pleaded guilty on June 12, 1989, to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (1988). The district court[1] sentenced Auman on December 28, 1989, as a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines [hereinafter U.S.S.G.] to a 210–month term of imprisonment, followed by a three-year term of supervised release. Auman appealed the sentence and this court affirmed. *See United States v. Auman,* 920 F.2d 495 (8th Cir.1990). In early 1992, Auman moved to modify his sentence and his motion was denied. Auman appeals. We dismiss the appeal for want of jurisdiction.

I.

The presentence investigative report (PSIR) prepared for Auman's 1989 sentencing hearing computed Auman's total offense level at 22. The PSIR recommended, however, that Auman be sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 because of Auman's prior state convictions for second degree assault and for unlawful possession of a controlled substance. The authoring probation officer took the position that Auman's prior state assault conviction was a "crime of violence" within the meaning of § 4B1.2(1) and that the conviction for unlawful possession of a controlled substance was a "controlled substance offense" within the meaning of § 4B1.2(2). Based on the probation officer's recommendation, the district court found that Auman was a career offender, that his offense level was 32, and that his criminal history category was VI, resulting in a sentencing range of 210 to 240 months.[2] Auman received no adjustment for acceptance of responsibility. On direct appeal, Auman argued only that his sentence was in violation of the plea agreement and the notice provisions of 21 U.S.C. § 851. *See Auman,* 920 F.2d 495.

After this court affirmed his conviction on appeal, Auman then filed a motion in the district court for an order modifying his sentence. Auman asserted that the court had jurisdiction to modify his sentence under 18 U.S.C. §§ 3742(a)(1) and (2). In that motion, Auman made two claims. First, he argued that the district court should have given him a two-level reduction at sentencing for acceptance of responsibility because of an amendment to the Guidelines which was in effect at the time of his December 28, 1989, sentencing that allows career offenders to be given a

---

1. The Honorable Diana E. Murphy, Chief Judge, United States District Court for the District of Minnesota.

2. The Guidelines actually provided for a range of 210 to 262 months, but the maximum sentence under 21 U.S.C. § 841(b)(1)(C) is 240 months. *See* U.S.S.G., Ch. 5, Pt. A, Sentencing Table.

two level downward adjustment for acceptance of responsibility. *See* U.S.S.G.App. C, amend. 266 (effective Nov. 1, 1989). Second, Auman asserted that his classification as a career offender was illegal because his previous state drug conviction did not qualify as a "controlled substance" offense within the meaning of § 4B1.2(2). The government argued that the court lacked jurisdiction to consider the matter under 18 U.S.C. § 3742. The government suggested, however, that the district court could treat Auman's *pro se* motion as a § 2255 motion to vacate his sentence. *See* 28 U.S.C. § 2255. Auman then asserted jurisdiction under 18 U.S.C. § 3582(c)(2). Auman never asked the court to consider his filing as a § 2255 proceeding.

Although the government disputed jurisdiction, it conceded that prior to Auman's sentencing, career offenders had become eligible for the two-level reduction for acceptance of responsibility. The government argued, however, that the combination of drugs and firearms in Auman's possession conviction evidenced an intent to distribute, thereby bringing the possession of controlled substance conviction within § 4B1.2(2). The government also argued that Auman's previous conviction for being a felon in possession of a firearm should count as a predicate offense under § 4B1.2(1).

The district court denied Auman's motion for modification of his sentence on the merits. Relying on 18 U.S.C. § 3582(c)(2), the court found that Auman was entitled to a two-level reduction for acceptance of responsibility but held that even with a two-level reduction, 210 months was still the appropriate sentence. The district court held that Auman should be sentenced as a career offender because the presence of firearms in the conduct surrounding his prior possession conviction made that conviction a "crime of violence" rather than a controlled substance offense for career offender purposes.

On appeal, Auman raises two issues. First, Auman argues that the district court erred in concluding that his conviction for possession of a controlled substance consti-

tuted a crime of violence. Second, Auman asserts, for the first time, that the district court failed to consider whether his prior conviction for possession of a controlled substance is a predicate offense under the current, i.e., November 1992 version, career offender provisions.

The government argues that the district court lacked jurisdiction under either 18 U.S.C. § 3582 or 18 U.S.C. § 3742 to consider the two issues before it and, consequently, that this court lacks jurisdiction as well. The government alternatively argues that even if this court reaches the merits of the appeal, the district court properly determined that Auman's state drug conviction qualified as a crime of violence under § 4B1.2.

## II.

Our first task is to determine whether the district court had jurisdiction to consider whether Auman's previous possession conviction constituted a crime of violence under § 4B1.2.[3] It is well-settled that "[a]n appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review." *Landrum v. Moats*, 576 F.2d 1320, 1323 (8th Cir.1978), *cert. denied*, 439 U.S. 912, 99 S.Ct. 282, 58 L.Ed.2d 258 (1978) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934)). Auman argues that the district court had jurisdiction to consider whether to modify his sentence under 18 U.S.C. §§ 3742(a)(1) and (a)(2) and 18 U.S.C. §§ 3582(b)(2) and (c)(2).

## A.

■ Auman first asserts that § 3742(a) gives a district court jurisdiction to correct an illegal sentence. Section 3742(a) provides in pertinent part:

(a) **Appeal by a defendant.**—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law;

---

**3.** Because Auman does not appeal the issue of whether he should have been given a two-level reduction for acceptance of responsibility, we

will not consider whether the district court had jurisdiction to hear that issue.

(2) was imposed as a result of an incorrect application of the sentencing guidelines; ...

18 U.S.C. § 3742(a). Sections 3742(a)(1) and (a)(2) of Title 18 of the United States Code are the basis for appellate review of a district court's sentencing decisions. These sections do not grant jurisdiction to a district court to review a final sentence. *See* S.Rep. No. 98–225, 98th Cong., 1st Sess. 149 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3332. The only reference to the district court in the sections relied upon directs that the notice of appeal must be filed in that court.

### B.

█ Auman next asserts that Congress intended that § 3582(b) be used to allow a district court the opportunity to correct an illegal sentence. Section 3582(b) provides in pertinent part:

> **(b) Effect of finality of judgment.**—Notwithstanding the fact that a sentence to imprisonment can subsequently be—
>
> (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; ...
>
> a judgment of conviction that includes a sentence constitutes a final judgment for all other purposes.

§ 18 U.S.C. § 3582(b). We find § 3582(b) unambiguous on its face. It defines "final judgment." However, even if we were to find § 3582(b) ambiguous, its legislative history supports our reading that it merely defines "final judgment." *See* S.Rep. No. 98–225, 98th Cong., 1st Sess. 121 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3304 ("section 3582(b) makes clear that a judgment conviction is final even though it can be appealed or modified."). Section 3582(b) does not grant jurisdiction to a district court to do anything, let alone correct an illegal sentence.

### C.

█ We find that 18 U.S.C. § 3582(c)(2) was the only arguable basis for jurisdiction before the district court. Section 3582(c)(2) provides in pertinent part:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... upon motion of the defendant ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission. Such reduction must be consistent with applicable policy statements of the Sentencing Commission. *See* S.Rep. No. 98–225, 98th Cong., 1st Sess. 121 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3304.

In order to fall within the limited jurisdiction conferred upon district courts to modify a sentence under § 3582(c)(2), Auman must demonstrate that at the time of the district court's May 1992 hearing, the Sentencing Commission had lowered the sentencing range applicable to him and that reducing his sentence would be consistent with applicable policy statements issued by the sentencing commission. Instead, he argues that the district court and this court mistakenly assumed that his conviction for unlawful possession constituted a controlled substance offense within the meaning of § 4B1.2(2). This is not an issue which arises from a subsequent amendment to the Guidelines which would result in a lowered sentencing range. Thus, the district court lacked jurisdiction to consider this issue under 18 U.S.C. § 3582(c)(2).

█ Auman also asserts that the district court erred in not considering the effect of a recent amendment to the commentary of § 4B1.2 on his sentence. Auman failed to raise this issue before the district court and raises it now for the first time on appeal. Since the time of Auman's sentencing, the commentary to U.S.S.G. § 4B1.2 has been amended to limit, arguably, the underlying conduct a sentencing court may examine in determining whether a prior felony is a crime of violence. *See* U.S.S.G.App. C, amend. 433

(effective Nov. 1, 1991). An amendment to the Guidelines may not be applied retroactively, however, unless the Sentencing Commission has expressly designated it as one that may be applied retroactively. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a). Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in § 1B1.10(d). *See* U.S.S.G. § 1B1.10, comment. (n. 1). At the time the district court denied Auman's motion, the amendment on which Auman seeks to rely was not designated as an amendment that could be used retroactively to lower a defendant's sentence. Consequently, when the district court entered the order of May 12, 1992, from which the instant appeal is taken, it had no jurisdiction under § 3582(c)(2) to lower the defendant's sentence based on the amended commentary.

On November 1, 1992, nearly six months after the district court denied Auman's motion, the Guidelines were amended yet again to designate Amendment 433 as an amendment that may be applied retroactively. U.S.S.G.App. C, amend. 469 (effective Nov. 1, 1992). This most recent amendment, however, cannot help Auman on appeal from the district court's denial of his motion. Just as a court of appeals may not, on direct appeal, apply an amendment to the Guideline that became effective after sentence was imposed, *see United States v. Furlow*, 952 F.2d 171, 172 (8th Cir.1991); *see also United States v. Colon*, 961 F.2d 41, 45–46 (2d Cir.1992); *United States v. Havener*, 905 F.2d 3, 5–8 (1st Cir.1990) (Breyer, J.), we believe that we should not consider Amendment 469, which became effective after the district court denied Auman's motion. Thus, we have no jurisdiction to consider Auman's motion under § 3582(c)(2).

### D.

■ Auman next asserts that the district court had jurisdiction under 28 U.S.C. § 2255 to consider the issue of whether his prior conviction constituted a predicate drug offense. Auman did not assert § 2255 as grounds for jurisdiction in his motion before the district court. However, the government suggested to the district court that it had the discretion to treat Auman's *pro se* motion as a § 2255 motion if it so chose.

The government argues that Auman is procedurally barred from using § 2255 as the jurisdictional basis for this appeal. Auman responds that the government waived its affirmative defense of procedural default when it suggested to the district court that jurisdiction might be available under § 2255. Auman asserts that the government's suggestion allowed the district court to consider his motion on the merits as a § 2255 motion.

The fatal flaw in Auman's argument is that Auman never asserted nor relied upon § 2255 as a basis for jurisdiction before the district court. In response to the government's argument that he lacked jurisdiction, Auman asserted that he had moved the court pursuant to 18 U.S.C. § 3582(c)(2). We have examined the district court's order and find nothing in it to suggest that the court considered Auman's motion to be a § 2255 motion. The district court refers to Auman's motion as a motion to "modify" his sentence and specifically relies on § 3582(c)(2) to support its power to consider Auman's argument concerning his entitlement to an acceptance of responsibility adjustment. We conclude that the district court considered Auman's motion solely under § 3582(c)(2), and did not consider it to be a § 2255 motion.

■ In essence, Auman is attempting to file a § 2255 motion for the first time in this court. Federal courts of appeals have no power to consider an original motion to set aside a sentence under 28 U.S.C. § 2255. *See United States v. James*, 446 F.2d 59, 60 (6th Cir.1971); *Flynn v. United States*, 222 F.2d 541 (9th Cir.1955), *cert. denied*, 348 U.S. 930, 75 S.Ct. 344, 99 L.Ed. 729 (1955); *Davis v. United States*, 175 F.2d 19 (9th Cir.1949); *see also United States v. Byers*, 740 F.2d 1104, 1136 n. 89 (D.C.Cir.1984) (Robinson, J., concurring) (citing 3 Charles A. Wright, *Federal Practice and Procedure* § 601). We have no jurisdiction to consider Auman's § 2255 motion.

### III.

Because we find that the district court had no jurisdiction under 18 U.S.C. § 3742(a)(1)

and (a)(2) or under 18 U.S.C. § 3582(b) or (c)(2) or under 28 U.S.C. § 2255 to entertain Auman's challenges to his career offender designation, we likewise have no jurisdiction. Accordingly, we must dismiss the appeal.