36 F.3d 1098
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan CERNA (94-1433), and Marcus David Cerna (94-1437),
Defendants-Appellants.
 Nos. 94-1433, 94-1437.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1994.
 
 Before: KRUPANSKY, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 In these consolidated cases, Juan Cerna and Marcus David Cerna appeal the district court's orders denying their motions to reduce the terms of their sentences pursuant to 18 U.S.C. Sec. 3582(c)(2). The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Juan Cerna pleaded guilty in October 1991 to one count of conspiracy to possess with intent to distribute and to distribute cocaine, cocaine base, and marijuana. He was sentenced on February 6, 1992, to 168 months of imprisonment and five years of supervised release. Marcus David Cerna pleaded guilty in January 1992 to a similar charge, and was sentenced on April 9, 1992, to 276 months of imprisonment, five years of supervised release, and a $1.5 million fine. Marcus David Cerna's conviction and sentence were affirmed on appeal. United States v. Howard, Nos. 92-1566/1567/1608/1675/1679, 1993 WL 241812 (6th Cir. July 2, 1993) (per curiam).
 
 
 3
 In their identical motions to reduce sentence, the Cerna brothers argued that the district court was without subject matter jurisdiction to render their judgment and commitment orders, and sought a reduction in their prison terms to time served, no supervised release, and no fine. The district court summarily denied the motions as both meritless and frivolous in separate orders filed on April 7, 1994.
 
 
 4
 On appeal, the Cernas present forty-one arguments in support of their sole issue that the district court lacked both subject matter and territorial jurisdiction over their crimes. The appellants also challenge this court's jurisdiction over their appeals. They request in forma pauperis status and bond pending appeal in their appellate brief.
 
 
 5
 Upon review, we affirm the district court's orders because the appellants' jurisdictional arguments are patently frivolous. This court does have jurisdiction over the Cernas' appeals from the final orders of the district court. 28 U.S.C. Sec. 1291; Fed.R.App.P. 4(b).
 
 
 6
 The Cernas' jurisdictional challenge to the district court is not cognizable under 18 U.S.C. Sec. 3582(c)(2). Because the appellants are not claiming that their applicable sentencing range has been lowered by the Sentencing Commission, their motions do not come within the limited jurisdiction conferred upon district courts to modify prison terms under that statute. See United States v. Auman, 8 F.3d 1268, 1271 (8th Cir.1993).
 
 
 7
 Even if the Cernas' motions are construed as motions to vacate, correct, or set aside sentence under 28 U.S.C. Sec. 2255, the appellants are not entitled to relief. To prevail under Sec. 2255, a movant must show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 8
 The appellants' claim that the district court and this court of appeals do not have jurisdiction over their cases because those courts are not Article III courts does not meet this standard. Section 1 of that article provides in pertinent part:
 
 
 9
 The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish.
 
 
 10
 (Emphasis added). By statute, pursuant to Article III, Section 1, Congress in 1789 created the United States district courts and, in 1891, established the circuit courts of appeals. Even though Congress created both the federal district and appellate courts through legislation, they are Article III courts under the Constitution because they were created under that article's mandate.
 
 
 11
 Moreover, the district court clearly had subject matter jurisdiction over the crimes committed by the appellants. Article III, Section 2 provides in pertinent part:
 
 
 12
 The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party....
 
 
 13
 (Emphases added). The drug conspiracy crimes of which the Cernas were convicted constituted cases arising under the laws of the United States. Furthermore, the United States was the plaintiff in those cases. For both reasons, the appellants' criminal proceedings fall squarely within the federal courts' jurisdiction under the Constitution.
 
 
 14
 Nor is there any merit to the appellants' argument that the district court had no territorial jurisdiction over their offenses.
 
 
 15
 Accordingly, the district court had jurisdiction over the appellants' criminal cases and this court has jurisdiction over their appeals. We grant pauper status for the purpose of this review only. We deny the request for bond and affirm the district court's orders, entered on April 8, 1994. Rule 9(b)(3), Rules of the Sixth Circuit.