60 F.3d 831
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Michael JONES, Appellant.
 No. 94-3797
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 15, 1995
Filed: July 6, 1995
 
 Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael Jones appeals the district court's[1] denial of his "Motion For Order Remitting Cost Of Imprisonment." We affirm.
 
 
 2
 Jones was convicted of federal drug offenses committed between November 1988 and August 1990. He was sentenced to 240 months of imprisonment, three years of supervised release, and a $6,000 fine, to be paid during his supervised release. This court affirmed his conviction and sentence on direct appeal, United States v. Edwards, 994 F.2d 417, 419, and affirmed the denial of his 28 U.S.C. Sec. 2255 motion, Jones v. United States, No. 94-2307 (8th Cir. Jan. 25, 1995) (unpublished per curiam).
 
 
 3
 While Jones's section 2255 motion was on appeal, Jones filed in district court this "Motion For Order Remitting Cost Of Imprisonment," stating that part of his sentence was to pay $6,000 for his cost of imprisonment; that the magnitude of this sentence deprived him of equal protection and due process; that this sentence discriminated against him on the basis of his indigency; and that in a prior state case, his probation and fine were dropped because he was indigent. The district court summarily denied this motion.
 
 
 4
 We affirm because the district court was without jurisdiction to consider the merits of the motion. Jones's motion could not be brought through Federal Rule of Criminal Procedure 35. See United States v. Early, 27 F.3d 140, 141-42 (5th Cir.) (per curiam), cert. denied, 115 S. Ct. 600 (1994). Nor are we aware of-and Jones has not identified-any statutes allowing him to bring such a motion. See 18 U.S.C. Sec. 3572 (sentence to pay fine is final judgment although sentence can be challenged through several articulated methods); cf. United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993) (holding 18 U.S.C. Secs. 3582(b), 3742(a)(1) and (a)(2) do not create jurisdiction for motion to modify sentence of imprisonment).
 
 
 5
 Under these procedural circumstances, we also decline to construe Jones's motion as a section 2255 motion.
 
 
 6
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Steven N. Limbaugh, United States District Judge for the Eastern District of Missouri