**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ervin Darnell WORTHY, Defendant–**
**Appellant.**

**No. 01–3623.**

United States Court of Appeals,
Sixth Circuit.

May 15, 2002.

Before MARTIN, Chief Circuit Judge;
SILER and CLAY, Circuit Judges.

*ORDER*

Ervin Darnell Worthy, a pro se federal prisoner, appeals a district court judgment denying his motion filed pursuant to 18 U.S.C. §§ 3582(c) and 3742(a)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, Worthy was convicted of being a felon in possession of a firearm, possessing a firearm with an altered serial number, and conspiring to distribute and to possess cocaine for intended distribution, violations of 18 U.S.C. §§ 922(g) and 922(k), as well as 21 U.S.C. §§ 846 and 841(a)(1). He was sentenced to life imprisonment, and his sentence was affirmed on direct appeal. *United States v. Worthy*, No. 96–3198, 1997 WL 561338 (6th Cir. Sept.9, 1997).

In 1997, Worthy filed a motion for relief from judgment under Fed.R.Civ.P. 60(b), alleging that the federal court did not have jurisdiction over his criminal case. The district court denied this motion on April 9, 1997, and that judgment was also affirmed. *United States v. Worthy*, Nos. 97–3377, 97–3687, 1998 WL 136208 (6th Cir. Mar.18, 1998).

In November 1998, Worthy filed a § 2255 motion in which he asserted nine grounds for relief. The district court denied Worthy's motion, and this court denied Worthy's application for a certificate of appealability. *Worthy v. United States*, No. 00–3117 (Order, April 12, 2000).

Thereafter, Worthy filed a motion seeking modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) and seeking to retitle his motion from 18 U.S.C. § 3582(c)(2) to 18 U.S.C. § 3742(a)(1). The district court denied Worthy's motion, and Worthy appeals that judgment.

On appeal, Worthy reasserts that he is entitled to modification of his sentence.

This court reviews for an abuse of discretion a district court's decision denying a motion to modify sentence. *United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir.

1997);  *United States v. Townsend*, 55 F.3d 168, 170 (5th Cir.1995).

Upon review, we conclude that the district court did not abuse its discretion because § 3582(c)(2) is not applicable to Worthy.  Section 3582(c)(2) allows the court to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  In Worthy's case, however, the record is devoid of any indication that the sentencing guideline range under which Worthy was sentenced in 1996 has been lowered by the Sentencing Commission, and Worthy offers no support for his motion for modification based on a change in the guideline range.

In addition, we conclude that the district court properly determined that it had no jurisdiction over Worthy's motion based on 18 U.S.C. § 3742(a)(1).  Section 3742 provides the basis for appellate review of a district court's sentencing decisions.  18 U.S.C. § 3742(a)(1), (a)(2).  The statute does not grant jurisdiction to a district court to review a final sentence.  *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir.1993).

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.