**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Linda Lee BYRNES, Defendant–Appellant.**

**No. 02–2294.**

United States Court of Appeals,
Sixth Circuit.

Oct. 31, 2003.

B. Rene Shekmer, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Linda Lee Byrnes, pro se, Danbury, CT, for Defendant–Appellant.

Before: BATCHELDER and COLE, Circuit Judges; and HOOD, District Judge.*

## ORDER

Linda Lee Byrnes appeals pro se from a district court judgment that denied a motion to review and correct her sentence under 18 U.S.C. § 3742(a). Her appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1996, Byrnes was convicted of conspiring to distribute marijuana and of being a felon in possession of a firearm. *See* 21 U.S.C. § 846 *and* 18 U.S.C. § 924(g)(1). She was sentenced to a total of 322 months of imprisonment, eight years of supervised release, and a $5,420 fine. That sentence was affirmed on direct appeal. *United States v. Byrnes,* No. 97–1264, 1998 WL 739904, at *1 (6th Cir. Oct.9, 1998) (unpublished).

In a separate case, Byrnes was convicted of conspiring to obstruct justice, obstructing justice, and suborning perjury. *See* 18 U.S.C. §§ 371, 1503, 1622 *and* 1623(a). She was sentenced to a concurrent term of seventy-one months of imprisonment, and that sentence was also affirmed. *United States v. Miller,* 161 F.3d 977, 981–85 (6th Cir.1998).

In 2001, Byrnes moved to vacate her sentence under 28 U.S.C. § 2255, alleging several violations of the holding in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court denied that motion because it was not filed within the applicable one-year limitations period, and Byrnes's application for a certificate of appealability was subsequently denied.

On October 2, 2002, Byrnes filed the motion to correct her sentence under § 3742(a) that is at issue in this appeal. She primarily alleged: 1) that her criminal history category was improperly calculated; 2) that her sentence violated the holding in *Apprendi;* 3) that the sentencing court failed to consider her financial resources when it imposed a fine; 4) that the court was not authorized to impose an

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

eight-year term of supervised release; and 5) that she was improperly sentenced as a felon in possession of a firearm. The district court denied this motion on October 17, 2002, and it is from this judgment that Byrnes now appeals.

The district court properly concluded that it was not authorized to consider a motion to correct Byrnes's sentence under 18 U.S.C. § 3742(a), as that statute merely describes the general grounds upon which a criminal sentence may be appealed. *See United States v. Auman,* 8 F.3d 1268, 1271 (8th Cir.1993). It could be argued that the court should have construed Byrnes's under 28 U.S.C. § 2255. However, such a motion must be filed within one-year of the date on which her sentence became final. 28 U.S.C. § 2255 ¶ 6. Hence, the dismissal of Byrnes's motion would have been appropriate even if it had been construed under § 2255, as it was filed more than two and one half years after the final judgment in her criminal case. In this regard, we note that Byrnes has not met her burden of establishing that the remedy under § 2255 is inadequate or ineffective. *See United States v. Peterman,* 249 F.3d 458, 461–62 (6th Cir.2001).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.