# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2661

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| John Edward Davis, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 28, 2008
Filed: May 5, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

John Davis challenges the within-Guidelines-range sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On appeal, he argues that the district court imposed an unreasonable sentence because it failed to consider a proposed amendment to the Guidelines that would have lowered the advisory Guidelines imprisonment range. Alternatively, Davis urges this court to remand his case for resentencing so the district court can apply the amendment, which became effective after his sentencing.

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Upon careful review, we conclude that the district court properly used the Guidelines that were in effect at the time of sentencing. *See* U.S.S.G. § 1B1.11 (court generally should use Guidelines in effect on date of sentencing); *United States v. Ingram*, 501 F.3d 963, 968 (8th Cir. 2007) (district court's application of Guidelines reviewed de novo), *petition for cert. filed*, (U.S. Dec. 5, 2007) (No. 07-8093).

We also believe that Davis's sentence is not unreasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2462 (2007) (approving appellate presumption of reasonableness); *United States v. Harris*, 493 F.3d 928, 932 (8th Cir. 2007) (applying presumption of reasonableness), *cert. denied*, 128 S. Ct. 1263 (2008); *see also United States v. Turbides-Leonardo*, 468 F.3d 34, 41 (1st Cir. 2006) (it is rare for Guidelines sentence to be greater than necessary to achieve statutory goals of sentencing), *cert. denied*, 127 S. Ct. 3064 (2007).

Finally, we decline to remand this case for resentencing because the Sentencing Commission has not designated the amendment at issue as one that may be applied retroactively. *See United States v. Auman*, 8 F.3d 1268, 1272 (8th Cir. 1993) (amendment to Guidelines may not be applied retroactively unless Sentencing Commission has expressly designated it as one that may be applied retroactively).

Accordingly, the judgment is affirmed.

_____