GLD-353                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 13-2500

———————

DONALD G. JACKMAN, JR.,
Appellant

v.

J. T. SHARTLE, WARDEN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:12-cv-05249)
District Judge:  Honorable Noel L. Hillman

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 25, 2013
Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed:  August 20, 2013)

————

OPINION

————

PER CURIAM

    Pro se Appellant Donald G. Jackman, Jr., a federal prisoner currently confined at

FCI Fairton in New Jersey, appeals from an order of the United States District Court for

the Eastern District of Pennsylvania dismissing his habeas corpus petition pursuant to 28

U.S.C. § 2241 and denying his motion for reconsideration.[1]  We will summarily affirm

the District Court's order.  See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

I.

Because we write primarily for the parties, we will recite only the facts necessary

for our discussion.  In 2002, Jackman was convicted of possession of firearms by a

convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e), and possession of an

unregistered firearm in violation of 26 U.S.C. §§ 5661(d), 5871.  He received a total of

262 months in prison.  We affirmed on direct appeal.  In 2004, Jackman filed a motion to

vacate under 28 U.S.C. § 2255, which the District Court denied.  In 2007, we denied him

a certificate of appealability.

On August 11, 2012, Jackman filed a § 2241 habeas petition, contending that his

detention is unlawful because his conviction for possession of a firearm violates the

Second Amendment and that he is innocent based on a certificate of unconditional

discharge issued by North Carolina.[2]  He also alleges that he was not appointed

competent counsel.  The District Court denied the petition on the grounds that Jackman's

claims were within the scope of the claims cognizable under § 2255, and that he did not

show that § 2255 was inadequate or ineffective.  Jackman filed a motion pursuant to

---

[1] Because Jackman's timely appeal from the denial of his motion for reconsideration
"brings up the underlying judgment for review," we will review the District Court's
dismissal of Jackman's § 2241 petition, as well as its denial of his motion for
reconsideration.  LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 225 n.6
(3d Cir. 2007).
[2] In October 2009, while confined at FCI Elkton in Ohio, Jackman filed a § 2241 habeas
petition, asserting the same grounds.  The District Court dismissed the petition and the
Sixth Circuit affirmed the dismissal.

Fed.R.Civ.P. Rule 59(e), to alter or amend the judgment, which the District Court denied. This appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's dismissal of Jackman's habeas petition. Ballentine v. United States, 486 F.3d 806, 808 (3d Cir. 2007). We review the denial of his motion for reconsideration for abuse of discretion. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

## III.

The District Court properly dismissed Jackman's § 2241 petition. After his conviction becomes final, a federal prisoner generally may challenge the legality of his conviction or sentence only through a motion filed pursuant to § 2255. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). However, the "safety valve" clause of § 2255 allows a petitioner to seek a writ of habeas corpus under § 2241 in the "rare case" in which a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-50 (3d Cir. 1997). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). Rather, a § 2255 motion is inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States v. Brooks, 230 F.3d 643,

3

648 (3d Cir. 2000) (quoting <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954) (internal quotation marks omitted).  We have held that a § 2255 motion is inadequate or ineffective to test the legality of a conviction where a petitioner "is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision," and where the petitioner is otherwise barred from filing a second or successive § 2255 petition.  <u>In re Dorsainvil</u>, 119 F.3d at 252.

In this case, Jackman cannot avail himself of the "safety valve."  He relies on the recent United States Supreme Court case <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), to support his petition.  <u>Alleyne</u> is an extension of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), which held that that defendants have the Sixth Amendment right to a jury finding beyond a reasonable doubt of all facts that increase the penalty for a crime beyond the statutory maximum sentence.  Specifically, <u>Alleyne</u> overruled the Supreme Court's decision in <u>Harris v. United States</u>, 536 U.S. 545 (2002),[3] and held that the rule of <u>Apprendi</u> applies to facts that increase the statutory minimum sentence.  Because we have held that <u>Apprendi</u> claims must be brought pursuant to § 2255, not § 2241, <u>see</u> <u>Okereke</u>,307 F.3d at 120-21, it follows that <u>Alleyne</u> claims must be brought pursuant to § 2255 as well.  Thus, the District Court did not err in dismissing Jackman's § 2241 petition for lack of jurisdiction.[4][5]

---

[3] <u>Harris</u> held that <u>Apprendi</u> does not apply to facts that merely increase the statutory minimum.

[4] Jackman relies on two other recent Supreme Court cases: <u>United States v. Davila</u>, 133 S. Ct. 2139 (2013), and <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013).  <u>Davila</u> held that a judge's participation in plea negotiations in violation of Fed. R. Crim. P. 11(c)(1)

4

IV.

For the foregoing reasons, we will affirm the order of the District Court.[6]

---

does not require automatic vacatur of a guilty plea, and Descamps held that courts may not apply the modified categorical approach to sentencing under the Armed Career Criminal Act when the crime of which the defendant was convicted has a single, indivisible set of elements. These decisions do not render conduct for which Jackman was convicted non-criminal and, thus, Jackman has not shown that a § 2255 motion is inadequate or ineffective. See In re Dorsainvil, 119 F.3d at 252.

[5] Jackman recently submitted a letter to the Court asserting that he is entitled to relief pursuant to Trevino v. Thaler, 133 S.Ct. 1911 (2013), and Martinez v. Ryan, 132 S. Ct. 1309 (U.S. 2012), inter alia, to support his ineffective assistance of counsel claim. However, Trevino and Martinez deal with state prisoners' ability to bring ineffective assistance of counsel claims, despite being procedurally barred. They do not address the ability of federal prisoners to use § 2241 to bring ineffective assistance of counsel claims. Section 2241 does not provide a vehicle by which Jackman can raise his ineffective assistance of counsel claim because he has not demonstrated that Section 2255 is an "inadequate or ineffective remedy."

[6] We conclude that the District Court properly denied Jackman's motion for reconsideration because it did not meet the requirements under Federal Rule of Civil Procedure 59(e). See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (citation omitted).