DLD-183                                                    NOT PRECEDENTIAL
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3458
_____

DONALD G. JACKMAN, JR.,
                                    Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:14-cv-01799)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for a Decision on the Issuance of a Certificate of Appealability, and
for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 17, 2016

Before: CHAGARES, GREENAWAY, JR., and SLOVITER[1], Circuit Judges

(Opinion filed: May 2, 2016)
_____

OPINION[*]
_____

_____

[1] The Honorable Dolores K. Sloviter participated in the decision in this case.  Judge
Sloviter assumed inactive status on April 4, 2016 after the submission date, but before the
filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28
U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Federal prisoner Donald G. Jackman, Jr., appeals pro se from the orders of the United States District Court for the District of New Jersey ("the DNJ") dismissing his third habeas petition for lack of jurisdiction and denying his motion to alter or amend that dismissal. For the reasons that follow, we will summarily affirm both orders.

I.

In 2000, a grand jury in the United States District Court for the Western District of Pennsylvania ("the WDPA") returned a two-count indictment against Jackman. The first count charged him with violating 18 U.S.C. §§ 922(g)(1) and 924(e)(1) by being a felon in possession of firearms, while the second count charged him with violating 26 U.S.C. §§ 5861(d) and 5871 by possessing an unregistered destructive device. Jackman pleaded guilty to the first count and a jury found him guilty of the second count. After determining that Jackman was subject to a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the WDPA sentenced him to 262 months in prison. We affirmed that judgment. See United States v. Jackman, 72 F. App'x 862, 863 (3d Cir. 2003).

Thereafter, Jackman moved the WDPA to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, raising dozens of claims. The WDPA denied § 2255 relief, concluding that each of his claims had already been litigated, was procedurally defaulted,

and/or was meritless. We then denied a certificate of appealability ("COA"). See C.A. No. 07-1023.

Later, while incarcerated in a federal prison in Ohio, Jackman filed a habeas petition in the United States District Court for the Northern District of Ohio ("the NDOH") pursuant to 28 U.S.C. § 2241. That petition claimed, inter alia, that he was actually innocent of being a felon in possession of firearms. The NDOH dismissed the petition, concluding that Jackman had failed to show that a § 2255 motion was inadequate or ineffective to test the legality of his detention. Jackman moved to alter or amend that dismissal, but the NDOH denied that motion. The United States Court of Appeals for the Sixth Circuit subsequently affirmed the NDOH's rulings in an unpublished order.

After Jackman was transferred to a federal prison in New Jersey, he filed a second habeas petition, this time in the DNJ. His second petition reiterated his actual innocence claim and also alleged, inter alia, that he had not been appointed competent counsel in his criminal case. The DNJ dismissed that petition — essentially echoing the reasoning of the NDOH — and later denied Jackman's motion to alter or amend that dismissal. We then affirmed the DNJ's two orders. See Jackman v. Shartle, 535 F. App'x 87, 89-90 & n.6 (3d Cir. 2013) (per curiam).

Undeterred, in 2014, Jackman filed his third habeas petition.[2]  This new petition, which was filed in the DNJ, claimed that he was actually innocent of both of his criminal counts, and that a sentencing enhancement should not have been applied to him because his three prior drug offenses did not actually qualify as predicate convictions under ACCA.  On January 7, 2015, the DNJ dismissed the petition for lack of jurisdiction, explaining that Jackman had once again failed to demonstrate that a § 2255 motion was inadequate or ineffective to test the legality of his detention.  Jackman timely moved the DNJ to alter or amend that dismissal, but the DNJ denied this motion in an order entered on September 28, 2015.  This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).[3]  In reviewing the DNJ's dismissal of Jackman's third habeas petition, we exercise plenary review over the DNJ's legal conclusions and review its factual findings for clear error.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).  We review the DNJ's denial of his motion to alter or amend for abuse of discretion, except with respect to matters of law, over which our review is plenary.  See Addie v.

---

[2] Jackman styled this petition as being brought under Article I, Section 9, Clause 2 of the United States Constitution.  However, for substantially the reasons given by the DNJ, that court properly treated the petition as being brought under § 2241.

[3] Jackman does not need a COA to proceed with this appeal.  See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S. Ct. 641 (2012).

Kjaer, 737 F.3d 854, 867 (3d Cir. 2013). We may take summary action if this appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

A § 2255 motion is the presumptive means by which a federal prisoner can collaterally attack the validity of his conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner may challenge the validity of his conviction or sentence via a § 2241 petition only if he establishes that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see Cradle, 290 F.3d at 538. The "inadequate or ineffective" exception applies in rare circumstances only, such as when a federal prisoner had "no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). A § 2255 motion is not inadequate or ineffective merely because relief under § 2255 was previously denied or the federal prisoner cannot meet the gatekeeping requirements for filing a second or successive § 2255 motion. Cradle, 290 F.3d at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538.

We agree with the DNJ that this case is not one of the rare instances in which a § 2255 motion would be inadequate or ineffective. Jackman does not allege that an intervening change in law decriminalized the conduct for which he was convicted. Additionally, the claims in his third habeas petition, none of which appears to hinge on new law or evidence, could have been raised during his criminal proceedings and/or in

5

his first § 2255 motion. In fact, he did raise at least one of these claims (his claim that he is actually innocent of being a felon in possession of firearms) in both a 2002 motion to dismiss the indictment and his first § 2255 motion; however, the WDPA rejected that claim. That Jackman's first § 2255 motion was denied, and that he may be unable to raise his current claims in a second or successive § 2255 motion, does not render § 2255 inadequate or ineffective. Accordingly, we find no error in the DNJ's decision to dismiss his third habeas petition, and we conclude that the DNJ acted within its discretion in denying his motion to alter or amend that order.

Because this appeal does not present a substantial question, we will summarily affirm the DNJ's January 7, 2015 and September 28, 2015 orders.

6