CLD-253                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4072
_____

UNITED STATES OF AMERICA

v.

DONALD G. JACKMAN, JR.,
                                             Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-00-cr-00072-001)
District Judge:  Honorable Maurice B. Cohill, Jr.
_____

Submitted By the Clerk for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 12, 2016

Before:    FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: May 23, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Donald G. Jackman, Jr., appeals from the District Court's denial of what it construed as a motion for review of his criminal sentence under 18 U.S.C. § 3742(a). We will affirm.

In 2002, Jackman pleaded guilty to being a felon in possession of 20 firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and a jury found him guilty of knowingly possessing an unregistered destructive device. The District Court sentenced him to 262 months in prison. We affirmed. See United States v. Jackman, 72 F. App'x 862, 869 (3d Cir. 2003). The District Court sentenced Jackman as an armed career criminal under § 924(e)(1) because it concluded that three of his prior North Carolina convictions were for a "serious drug offense" as defined in § 924(e)(2)(A), but Jackman did not challenge that ruling on appeal.

Since then, Jackman has collaterally attacked his sentence multiple times. He first did so by filing a motion under 28 U.S.C. § 2255, in which he challenged virtually every aspect of his arrest, prosecution, trial and sentencing. The District Court denied it with prejudice, and we denied a certificate of appealability. (C.A. No. 07-1023, July 18, 2007.) Jackman later filed at least three habeas petitions under 28 U.S.C. § 2241, the second and third of which he filed within the District of his confinement in this Circuit. Jackman argued that he is innocent of the firearms charge because a North Carolina certificate supposedly restored his firearm rights[1] and that his sentence is invalid because his North Carolina convictions do not qualify as "serious drug offenses." The District

2

Court dismissed those petitions, and we affirmed. See Jackman v. Warden Fort Dix FCI, No. 15-3458, slip op. at 6 (3d Cir. May 2, 2016) (nonprecdential opinion); Jackman v. Shartle, 535 F. App'x 87, 90 (3d Cir. 2013).

While Jackman's most recent § 2241 petition was pending, he filed a notice of appeal in his sentencing court purporting to appeal (again) directly from his 2002 criminal judgment. He purported to appeal under 18 U.S.C. § 3742(a), which is the statute authorizing appellate review of criminal sentences. He argued that the statute has no time limitation and that review of his sentence was required because his North Carolina convictions do not qualify as "serious drug offenses." The District Court transmitted the notice of appeal to us, and we dismissed it as untimely. (C.A. No. 14-4808, June 6, 2015.)

Jackman then filed in the District Court the motion at issue here. He titled it "renewed notice of appeal," and he argued that this Court erred in dismissing his appeal at C.A. No. 14-4808 without addressing his North Carolina convictions. He also argued that they do not qualify as "serious drug offenses" for the reasons he previously raised. This time, the District Court docketed Jackman's filing as a motion for sentencing relief and denied it for lack of jurisdiction. As the District Court explained, 18 U.S.C. § 3742(a) does not confer jurisdiction on a District Court to review its own sentences, see United States v. Auman, 8 F.3d 1268, 1270-71 (8th Cir. 1993), and none of the other limited circumstances under which a District Court can modify a sentence once imposed

---

[1] We addressed this certificate on direct appeal. See Jackman, 72 F. App'x at 686-69.

applies here. The District Court also noted that Jackman's arguments based on his North Carolina convictions lack merit.

Jackman appeals. We have jurisdiction under 28 U.S.C. § 1291, and we will affirm for the reasons explained by the District Court. Although it should go without saying, we add that filing a document with the District Court is not the proper means of challenging a judgment entered by this one. Jackman challenged our dismissal of his appeal at C.A. No. 14-4808 by filing a petition for rehearing en banc with this Court, which we denied, and a petition for certiorari with the United States Supreme Court, which that Court denied as well. See Jackman v. United States, 136 S. Ct. 603 (2015) (No. 15-6803). There was no basis for Jackman to challenge our ruling in the District Court. Nor has Jackman raised anything that might warrant treating any of his filings as an application under 28 U.S.C. §§ 2244 and 2255 for leave to file a second or successive § 2255 motion or as a motion to recall the mandate in any of his prior appeals.[2]

For these reasons, we will affirm the judgment of the District Court. To the extent that Jackman's filings in this Court seek other forms of relief, they are denied.

_____

[2] Jackman has based his arguments primarily on Fourth Circuit authority, including United States v. Simmons, 649 F.3d 237 (4th Cir. 2013) (en banc), and the application of Simmons in United States v. Newbold, 791 F.3d 455 (4th Cir. 2015). These decisions are not Supreme Court decisions announcing a new rule of constitutional law. See 28 U.S.C. § 2255(h)(2). Jackman also mentions Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016). We decline to construe any of his filings as an application for leave to file a successive § 2255 motion based on Johnson because Jackman makes no showing that Johnson applies to him and it appears that it does not.

4