# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3343
_____

United States of America

*Plaintiff - Appellee*

v.

Ja'Cara P. Baker, also known as Jacara P. Baker

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Western
_____

Submitted: March 26, 2024
Filed: March 29, 2024
[Unpublished]
_____

Before SMITH, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Ja'Cara Baker appeals the sentence imposed by the district court[1] after she pleaded guilty to a drug distribution charge. Her counsel has moved to withdraw, and

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence. Baker has filed a pro se motion to vacate the sentence, challenging the calculation of her sentencing range under the United States Sentencing Guidelines; we construe the filing as a pro se supplemental brief. Baker has also moved for appointed counsel.

We decline to review Baker's pro se challenges to the upward adjustments to her Guidelines range for maintaining a drug premises, having an aggravated role, and obstructing justice, as Baker stipulated to the adjustments prior to sentencing. *See United States v. Nguyen*, 46 F.3d 781, 783 (8th Cir. 1995) (holding that a defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge it on appeal). While she also challenges her designation as a career offender, the designation did not affect her sentence calculation. *See United States v. Rodriguez*, 711 F.3d 928, 939 (8th Cir. 2013) (concluding that an error in the Guidelines calculation was harmless, as the offense level would have remained the same and the error did not affect the ultimate sentence calculation). To the extent Baker seeks habeas relief in her motion to vacate, we lack jurisdiction to consider the motion. *See United States v. Auman*, 8 F.3d 1268, 1272 (8th Cir. 1993) (holding that appellate courts lack jurisdiction to consider an original 28 U.S.C. § 2255 motion).

As to counsel's challenge, we conclude that Baker's sentence was not substantively unreasonable, as there is no indication that the district court overlooked a relevant factor listed in 18 U.S.C. § 3553(a), gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (reviewing substantive reasonableness under deferential abuse-of-discretion standard; setting out factors that lead to abuse of discretion). Further, the court imposed a sentence below the Guidelines range. *See United States v. McCauley*, 715 F.3d 1119, 1127 (8th Cir. 2013) (noting that it is "nearly inconceivable" that the district court abused its discretion in not varying further when it varied below the Guidelines

range).  Finally, we have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal.

Accordingly, we dismiss the pending motion to vacate the sentence to the extent it seeks habeas relief, deny the motion for appointed counsel as moot, grant counsel's motion to withdraw, and affirm the judgment.

_____